IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALONZO KENNETH BROWN,

    Plaintiff,

v.                                         Civil Action No. **3:09CV405**

**SHERIFF CAMPBELL,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Alonzo Kenneth Brown, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this diversity action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*,

309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff alleges that "[t]he grounds of complaint to this claim is simply double jeopardy." (Compl. 4.)[1] Plaintiff then explains that he was questioned by Defendants Campbell and McCaffie with respect to some stolen credit cards. "Campbell told me plainly that if I told him where the credit cards were and they were found with [no] monetary loss I could go free right away." (Compl. 4.) Plaintiff told Defendant Campbell the location of the credit cards. Defendant Campbell discovered that there had not been any monetary loss. Nevertheless, Plaintiff was arrested and convicted for state offenses related to the theft of the credit cards. Additionally, this District Court also revoked Plaintiff's term of supervised release. Plaintiff contends that the foregoing actions violated his rights under the Double Jeopardy Clause[2] and he demands monetary damages.

---

[1] The Court has corrected the capitalization in the quotations to Plaintiff's complaint.

[2] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

## Analysis

The basic premise behind Plaintiff's complaint, Plaintiff's entitlement to monetary damages stemming from improper incarceration, is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.

In *Heck*, the Supreme Court "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Id* at 375 (*citing Heck*, 512 U.S. at 484-86). The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The principle procedural defect

complained of by the inmate-litigant in *Balisok* was a biased decisionmaker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decisionmaker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Plaintiff demands monetary damages for double jeopardy violations related to federal and state sentences. Plaintiff does not articulate, and the Court cannot conceive, how he could prevail on such claims and not simultaneously imply that either his state or federal sentence was invalid. *See Thigpen v. McDonnell*, 273 F. App'x 271, 273 (4th Cir. 2008) (No. 06-7719), *available at* 2008 WL 1711097, at *2. Furthermore, because Plaintiff does not suggest that he has had either his state or federal sentence set aside as invalid, the present action is barred by *Heck* and related cases. Accordingly, it is RECOMMENDED that the action be DISMISSED as legally frivolous.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation

may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: **FEB 2 2 2010**
Richmond, Virginia